THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LOUISIANA ENVIRONMENTAL ACTION NETWORK** | * | **CIVIL ACTION NO. 07-0595** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **LWC MANAGEMENT CO., INC., ET AL.** | | |

## MEMORANDUM RULING AND ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel[1] filed by plaintiff Louisiana Environmental Action Network (Doc. #58). The motion is opposed by defendants LWC Management Co., Inc. ("LWC"); Louisiana Land & Water Co., Inc. ("Louisiana Land & Water"); UDS Management Corp. ("UDS"); Bayou Utilities, Inc. ("Bayou"); Utility Data Service Corp. ("Utility Data Service"); Cypress Utilities ("Cypress"); and Jeffrey Pruett. (Doc. #10). For the reasons stated below, the motion to compel is **GRANTED in part** and **DENIED in part**.

First, the plaintiff seeks to compel the defendants' responses to the second set of discovery requests. The defendants aver that they have answered all of the requests and forwarded the responses to plaintiff's counsel on February, 29, 2008. Since the responses sought have been provided, the plaintiff's motion to compel responses is DENIED as Moot, subject to being reurged should the February 29 responses be incomplete.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Second, the plaintiff seeks admissions from the defendants as to the genuineness and accuracy of the defendants' Discharge Monitoring Reports (DMRs). The defendants object to this request, arguing that compliance would require hundreds of hours spent reviewing approximately 25,000 technical entries. In addition, the defendants note that the plaintiff can acquire certified copies of the DMRs which are "self-proving and self-authenticating." (Doc. #62, p.3). The plaintiff counters this argument by noting the expense of obtaining certified copies. The plaintiff also contends that the "[d]efendants will eventually have to review [the DMRs] to determine the extent of their liability in this matter." (Doc. #58-2, p.2). The likelihood that the defendants may eventually have to review the DMRs does not trump the fact that the DMRs' accuracy can be verified independently, thereby relieving the defendants of a substantial burden. The plaintiff's motion to compel these admissions is therefore DENIED.

Third, the plaintiff seeks to compel the defendants to identify "all actions alleging that [the defendants] violated any federal, state or local water pollution control law, including the Clean Water Act and the Safe Drinking Water Act." (Doc. #58-2, p.3). In challenging this request, the defendants cite 33 U.S.C. § 1319(d), which lists the factors courts can consider in determining the proper penalty to assess for violations of the Clean Water Act:

> Any person who violates section 301, 302, 306, 307, 308, 318, or 405 of this Act [33 USCS § 1311, 1312, 1316, 1317, 1318, 1328, or 1345], or any permit condition or limitation implementing any of such sections in a permit issued under section 402 of this Act [33 USCS § 1342] by the Administrator, or by a State, or in a permit issued under section 404 of this Act [33 USCS § 1344] by a State[,], or any requirement imposed in a pretreatment program approved under section 402(a)(3) or 402(b)(8) of this Act [33 USCS § 1342(a)(3) or (b)(8)], and any person who violates any order issued by the Administrator under subsection (a) of this section, shall be subject to a civil penalty not to exceed $ 25,000 per day for each violation. **In determining the amount of a civil penalty the court shall consider** the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, **any history of such violations,** any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, **and such other**

**matters as justice may require**.

(emphasis added). The defendants contend that past violations of the Safe Drinking Water Act are not relevant because the "history of such violations" factor in § 1319(d) applies only to violations of the Clean Water Act. The defendants cite no authority in support of this proposition, other than the text of § 1319(d). The undersigned rejects the defendants' objection for two reasons. First, it is not clear that the defendants' interpretation of the text of § 1319(d) is correct. *See United States v. Smith*, 1998 U.S. App. LEXIS 12969 (4th Cir. 1998) (unpublished) (stating, while considering the "history of such violations" factor, that "there was no evidence that [the defendant] previously had violated **federal or state** environmental laws."(emphasis added)). Second, and more importantly, prior violations of state or federal environmental law could fall under the catch-all provision of "other matters as justice may require." *See* § 1319(d). Consequently, the defendants are hereby ORDERED to identify, within 15 days of this order, every action in which any of the defendants is alleged to have violated any federal, state, or local water pollution control law, including, but not limited to, the Safe Drinking Water Act.

Fourth, the plaintiffs seek to compel the defendants to identify "all bank accounts related to or used in operation of the facilities." (Doc. #58-2, p.3). The defendants contend, however, that they have provided or otherwise made available all of the requested information. Moreover, the defendants contend that they will continue to make the information available to the plaintiffs for inspection and copying. Since the defendants have made and continue to make the information available, the plaintiff's motion to compel responses is DENIED subject to being reurged should the provided information prove to be incomplete.

Fifth, the plaintiffs seek to compel the defendants to provide tax returns from 2002 through 2006. The undersigned ORDERS the defendants to produce, within 15 days of this

order, every tax return from those years subject to the following two exceptions.  First, the defendants need not produce the tax returns from 2005 and 2006 if, within 15 days, they submit documentation proving that they have obtained federally authorized extensions for the 2005 and 2006 tax returns.  If the defendants submit satisfactory documentation, they must still produce the tax returns for those years once they are received.  Second, since the plaintiff has not been able to establish its relevance, Pruett need not produce his 2002 individual tax return.

Sixth, and finally, the plaintiffs seek to compel the defendants to produce all "corporate records applicable to the years covered by this lawsuit."  (Doc. #58-2, p.4).  The defendants aver that only the following documents match that description: (i) Articles of Incorporation for LWC; Louisiana Land & Water; UDS; Bayou Utilities; Utility Data Service; and Cypress; (ii) Operating Agreement between Louisiana Land & Water and LWC; and (iii) By-laws of the corporate entities.  It is not clear from the defendants' response, however, that the defendants have produced these documents.  Consequently, the defendants are ORDERED to produce copies of the documents within 15 days of this order.

**THUS DONE AND SIGNED** this 10th day of March, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE