UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LOUISIANA ENVIRONMENTAL ACTION NETWORK** | **CIVIL ACTION NO. 07-595** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LWC MANAGEMENT CO., INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiff Louisiana Environmental Action Network's Motion to Enforce Consent Decree [Doc. No. 146]. For the following reasons, the motion is DENIED, subject to Plaintiff's right to re-urge its motion if any party fails to comply with or meet any deadlines imposed by the Court or the work schedule created by Dean Dick Engineering, Inc. ("Dean Dick").

### I.    FACTUAL AND PROCEDURAL HISTORY

This case was brought by Plaintiff under the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, against Defendants Jeffery Pruett ("Pruett"), LWC Management Co., Inc., Louisiana Land & Water Co., Inc., UDS Management Corp., Bayou Utilities, Inc., and Utility Data Service Corp. Plaintiff alleged, among other things, that Defendants violated conditions of their Louisiana Pollutant Discharge Elimination System permits.

On February 25, 2009, the Court signed a Consent Decree entered into by the parties. [Doc. No. 128]. The Consent Decree states that, if Defendants sell certain facilities to a third party, United Water, by October 1, 2009, then Defendants must pay $340,000.00 to a nonprofit organization selected by Plaintiff to complete certain supplemental environmental projects ("SEPs"), such as repairing some sewer connections. *Id*. at ¶ 22. If Defendants do not sell those facilities to United

Water by October 1, 2009, then Defendants must complete the SEPs themselves by October 1, 2011, while supervised by an independent expert mutually agreed upon by Plaintiff and Defendants. *Id*. at ¶ 7-16.

On August 5, 2009, Plaintiff filed a Motion for Status Report [Doc. No. 130]. Plaintiff asserted that, because United Water no longer intended to purchase Defendants' facilities, Defendants were obligated under the Consent Decree to begin the process of retaining an independent expert. The Court granted the motion and ordered the parties to engage in a status conference before Magistrate Judge Karen L. Hayes. [Doc. No. 133].

On August 18, 2009, the parties held a status conference before Magistrate Judge Hayes. [Doc. No. 134]. During the conference, Pruett stated that Defendants were negotiating the sale of their companies and that negotiations should be finalized before October 1, 2009. *Id*. Magistrate Judge Hayes ordered the parties to file status reports by October 1, 2009. *Id*.

On October 1, 2009, Plaintiff and Defendants filed separate status reports. [Doc. Nos. 135 & 136]. Plaintiff stated that it proposed Clay Bowers ("Bowers") serve as the independent expert, but that Defendants did not agree to retain Bowers nor did they propose an independent expert of their own. [Doc. No. 135]. Defendants stated that they anticipated a sale of their companies to be finalized in November 2009. [Doc. No. 136].

On October 19, 2009, Magistrate Judge Hayes issued an Order [Doc. No. 138] that stated: "If the sale of defendants' facilities is not finalized by November 16, 2009, then defendants shall notify plaintiff whether their proposed independent expert, Mr. Clay Bowers, is acceptable to defendants, or alternatively, provide plaintiff with the name of defendants' own proposed expert(s)."

On November 13, 2009, Defendants filed a Report in Response to the Magistrate Judge's

Order [Doc. No. 139]. In their report, Defendants indicated that the sale of their facilities would not be finalized by November 16, 2009, and agreed with Plaintiff that Bowers would serve as the independent expert. *Id*. However, Defendants requested that the parties delay appointing Bowers as the independent expert until December 30, 2009, to allow Defendants time to complete the sale of their facilities. *Id*.

On November 16, 2009, Plaintiff filed a Second Motion for Status Conference. [Doc. No. 140]. Plaintiff requested that the Court order a status conference before Magistrate Judge Hayes to determine how the parties should proceed with retention or appointment of Bowers. *Id*. Magistrate Judge Hayes granted the motion and ordered the parties to engage in a status conference on December 9, 2009. [Doc. No. 141].

On November 30, 2009, Plaintiff filed a Motion to Continue Status Conference. [Doc. No. 142]. Plaintiff stated that Bowers was no longer available to serve as an independent expert and that the parties were attempting to find another independent expert. *Id*. Magistrate Judge Hayes granted the motion and ordered the parties to submit to a status conference on January 5, 2010.

On January 5, 2010, the parties held a status conference before Magistrate Judge Hayes. [Doc. No. 144]. Defendants had not sold their facilities by the date of the status conference. The parties informed Magistrate Judge Hayes that they agreed that Dean Dick would serve as the independent expert. *Id*. The minutes of the status conference state: "The parties have agreed on an expert. He is to begin work this month." *Id*.

On February 1, 2010, Dean Dick sent a contract proposal for his services as an independent expert to counsel for corporate Defendants, Kai Midboe ("Midboe"). Midboe contends that he forgot about the proposal until February 24, 2010, when counsel for Plaintiff phoned him to ask about the

3

status of the proposal. Midboe then emailed the proposal to Pruett. *See* [Doc. No. 148, Exhibit C]. Defendants contend that Dean Dick and Pruett have been actively negotiating a contract for Dean Dick's services since that date.

On April 1, 2010, Plaintiff filed a Motion to Enforce Consent Decree. [Doc. No. 146]. Defendants filed a Response [Doc. Nos. 148], and Plaintiff filed a Reply [Doc. No. 151].

**II.    LAW AND ANALYSIS**

As a preliminary matter, Defendants contend that the instant motion is premature because Plaintiff failed to give Defendants written notice of the dispute thirty (30) days prior to filing, as required by the Consent Decree. Paragraph nineteen (19) of the Consent Decree states:

> Any dispute . . . shall in the first instance be the subject of informal negotiations between the parties to the dispute. [This] period . . . shall not exceed thirty (30) days from the time the dispute arises . . . . The dispute shall be considered to have arisen when one party receives a written Notice of Dispute from the other party.

[Doc. No. 128, ¶ 19]. Plaintiff has attempted to resolve this dispute informally through e-mail since July 21, 2009. *See* [Doc. No. 130, Attachment 2]. The Court finds that Defendants were notified in writing, via email, of the dispute, and the instant motion was filed April 1, 2010, more than thirty (30) days after July 21, 2009. Therefore, the instant motion is not premature. Having determined that the motion was properly filed, the Court will now address the substantive arguments.

Plaintiff asserts that Defendants are in contempt for failing to begin SEPs in January 2010, for delaying the retention of an independent expert, and for failing to follow Dean Dick's instructions. Specifically, Plaintiff asserts that the minutes of the January 5, 2010 status conference constitute an order requiring Defendants to begin SEPs in January 2010. However, the minutes state only that "[t]he parties have agreed on an expert," and that "[h]e is to begin work this month." [Doc.

4

No. 144]. Thus, based on the record, the Court cannot determine what occurred during the status conference; what, if any, representations the parties made to the Magistrate Judge; or if Magistrate Judge Hayes' intent was to order Defendants to begin SEPs in January 2010. Therefore, the Court declines to hold Defendants in contempt for failing to begin SEPs in January 2010.

Plaintiff also asserts that Defendants are in contempt for their delay in retaining an independent expert. Paragraph seven (7) of the Consent Decree states:

> Defendants will begin the process of retaining the independent expert by October 1, 2009, or the date that United Water gives Defendants notice that it will not pursue acquisition of the facilities . . . . The independent expert shall be acceptable to and agreed on by all Parties to this Decree.

[Doc. No. 128, ¶ 7].

According to Plaintiff, United Water gave Defendants notice that it would not pursue acquisition of Defendants' facilities some time in the summer of 2009, but, as of April 2010, Defendants still had not entered into a contract with an independent expert. However, since the summer of 2009, the Court has given Defendants multiple extensions of time to sell their facilities, and, therefore, extensions of time to begin the process of retaining an independent expert. *See* [Doc. Nos. 134, 138, 143]. Additionally, in November 2009, the parties had agreed to allow Bowers to serve as the independent expert, but, through no fault of Defendants, Bowers became unavailable later that month. *See* [Doc. Nos. 139 & 142]. Finally, Defendants are currently in the process of negotiating a contract to retain Dean Dick as an independent expert. At this point, it appears Defendants have adequate time to complete a contract with Dean Dick and finish SEPs by October 1, 2011, as required by the Consent Decree. Therefore, the Court finds that Defendants are not in contempt for their delay in retaining an independent expert.

Plaintiff also asserts that Defendants are in contempt for failing to follow Dean Dick's instructions. Paragraphs ten (10) and eleven (11) of the Consent Decree state:

> The independent expert shall prepare bid documents and select the contractor(s) to undertake the necessary repairs . . . through an open bidding process . . . .
> . . .
> Defendants will perform and complete all of the measures necessary for achieving compliance as determined by the independent expert within the time frame established by the independent expert.

[Doc. No. 128, ¶¶ 11 & 12].

According to Plaintiff, Defendants have refused to hire a licensed plumber to perform SEPs as Dean Dick instructed. However, Defendants' initial resistance to hiring a licensed plumber seems to be based on Defendants' lack of knowledge of what state law requires. After contacting their attorney, Defendants are applying for a plumber's license and will proceed in performing SEPs. For this reason, the Court declines to find that Defendants are in contempt for failing to follow Dean Dick's instructions.

Because the Court finds that Defendants have not violated an express term of the Consent Decree at this time, Plaintiff is not entitled to attorney's fees and costs. *See* [Doc. No. 128, ¶ 23].

However, the Court is aware of Defendants' history of noncompliance with the Court's orders. "[D]istrict courts have wide discretion to enforce decrees and to implement remedies for decree violations." *United States v. Alcoa, Inc.*, 533 F.3d 278, 286 (5th Cir. 2008).[1] Any further delay by Defendants that suggests SEPs will not be completed by October 2011, or any indication that Defendants are not complying with the terms of the Consent Decree in good faith, will likely

---

[1] "Consent decrees are judgments despite their contractual nature, and district courts may fashion remedies to enforce prior judgments." *Alcoa*, 533 F.3d at 288. (citations omitted). "These remedies need not match those requested by a party or originally provided by the court's earlier judgment." *Id*. (citations omitted).

result in a finding by the Court that Defendants are in contempt. To ensure that Defendants complete SEPs by October 2011, the Court ORDERS Defendants to complete a contract with Dean Dick within fifteen (15) days of the date of this Ruling. Within forty-five (45) days of the date of this Ruling, Dean Dick should create and serve on the parties and the Court a work schedule reasonably designed to achieve completion of SEPs by October 2011. The Court FURTHER ORDERS Defendants to comply with and meet the deadlines imposed by the work schedule created by Dean Dick. If the parties fail to comply with or meet the deadlines imposed by the Court or the work schedule created by Dean Dick, Plaintiff may petition the Court for an evidentiary hearing to determine whether Defendants are in contempt.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enforce Consent Decree [Doc. No. 146] is DENIED, subject to Plaintiff's right to re-urge its motion if any party fails to comply with or meet the deadlines imposed by the Court or the work schedule created by Dean Dick. The Court ORDERS Defendants to complete a contract with Dean Dick within fifteen (15) days of the date of this Ruling. Within forty-five (45) days of the date of this Ruling, Dean Dick should create and serve on the parties and the Court a work schedule reasonably designed to achieve completion of SEPs by October 2011. The Court FURTHER ORDERS Defendants to comply with and meet the deadlines imposed by the work schedule created by Dean Dick.

MONROE, LOUISIANA, this 6th day of May, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE