# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LOUISIANA ENVIRONMENTAL ACTION NETWORK** | **CIVIL ACTION NO. 07-0595** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LWC MANAGEMENT CO. INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is Defendants Jeffery Pruett ("Pruett"), LWC Management Co., Inc. ("LWC"), Louisiana Land & Water Co., Inc., UDS Management Corp., Bayou Utilities, Inc., and Utility Data Service Corp.'s Rule 59(e) Motion [Doc. No. 171]. Defendants move the Court to suspend or stay the Court's June 8, 2012 Order [Doc. No. 168] for 90 days to complete the sale of their assets.

After obtaining leave of Court, Plaintiff Louisiana Environmental Action Network's ("LEAN") filed a Memorandum in Opposition to Defendants' Rule 59(e) Motion ("Opposition Memorandum") on August 9, 2012.

For the following reasons, Defendants' Rule 59(e) Motion is DENIED.

The factual and procedural history of this case has been recounted on several occasions. Suffice it to say, LEAN's claims against Defendants under the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, were originally brought more than five years ago, on March 30, 2007. Despite the settlement of the lawsuit on August 14, 2008, Defendants have never fully complied with the terms of that settlement.

Finally, on March 4, 2012, LEAN filed a Second Motion for Contempt and to Enforce

Consent Decree ("Second Motion for Contempt") [Doc. No. 158]. After briefing from all parties [Doc. Nos. 162 & 163], the Court held a hearing on May 21, 2012, where LEAN presented testimony from the parties' engineer, Dean Dick, and Defendants presented testimony from LWC's operations manager, Mike Risinger. During a status conference with the parties, Defendants again urged the Court to delay its decision because they are again in the process of negotiating a sale to a potential buyer, Greater Ouachita Water Company. On June 8, 2012, having received no further indication that the purported sale was imminent, the Court issued a Ruling [Doc. No. 167] and Order [Doc. No. 168], granting in part and denying in part LEAN's Second Motion for Contempt. The Court granted the motion to the extent that LEAN sought a determination that Defendants violated Section VII of the Consent Decree, sought payment of the balance of funds for the Supplemental Environment Projects ("SEPs") to LEAN, and sought to administer the remaining SEPs. The motion was denied to the extent that LEAN sought payment of the funds necessary for the repair work under Section VI of the Consent Decree. The Court further granted LEAN's request for attorney's fees and costs.[1]

In the instant Rule 59(e) Motion, Defendants do not contest the Court's factual and legal findings, but instead state that they have "extreme cash-flow problems" and that they are unable to pay the amounts ordered by the Court. [Doc. No. 171, p. 1]. They move the Court for a "[s]uspension of the contempt judgment for 90 days" to enable Defendants "to complete the sale of their assets or it will be apparent that the sale has failed." [Doc. No. 171, p. 2]. In support of their motion, Defendants submitted the affidavit of Janis Pruett, the ex-wife of John Jeffrey Pruett, who

---

[1] LEAN has since submitted evidence of its attorney's fees and costs, the parties have briefed that issue, and Magistrate Judge Hayes has issued a Report and Recommendation to the Court. [Doc. No. 175]. However, the time period for objections has not passed, and the Court will address that issue separately.

has been overseeing the business operations of Louisiana Land and Water Company since her ex-husband's imprisonment. She attests that Defendants lack sufficient cash flow to make the payment ordered to LEAN and that this lack of cash flow is also the reason for the lack of progress on the lateral line repairs.

LEAN responds that Defendants had the opportunity to present the same evidence cited in their Rule 59(e) Motion at the May 21, 2012 hearing, but chose not to do so. LEAN further argues that Ms. Pruett's affidavit is not newly discovered evidence and Defendants have otherwise failed to establish any error of fact or law in the Court's Order or Ruling. LEAN points out that Defendants have presented insufficient evidence to allow it or the Court to determine why Defendants are allegedly unable to pay since Ms. Pruett's affidavit does not provide a reason or discuss the assets or financial conditions of the other Defendants. Finally, LEAN states that the insufficiency of the funds of Louisiana Land & Water Company should have no influence on the Court because that entity pays all its revenues to LWC Management Co., Inc., and it was Mr. Pruett who insisted that LWC Management be allowed to make the lateral repairs.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002)). The Fifth Circuit has held that this type of motion is not to be used to rehash "evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The purpose of a Rule 59(e) motion is to allow a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation and internal quotation marks omitted). If a Rule 59(e) motion is based on newly discovered evidence, then a court should grant the motion only if "(1) the facts discovered are of such a nature that they would probably change the

outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citation omitted).

In this case, Defendants have not presented newly discovered evidence because the evidence was available at the time of the May 21, 2012 hearing and could have been presented to the Court. In fact, Defendants' witness, Mr. Risinger, certainly alluded to Defendants' financial problems during his testimony. If Defendants wanted to provide the Court with further evidence of their financial problems, they could have presented the testimony of Ms. Pruett or other witnesses, but made the decision not to do so.

Moreover, Defendants do not identify any manifest error of law or fact in the Court's Order or Ruling. They even concede that "[t]he existence of the [June 8, 2012 Order] may or may not affect the sale [D]efendants are attempting to arrange with Greater Ouachita Water Company." [Doc. No. 171, p. 1]. Despite their long-term failure to comply with the provisions of the Consent Decree, Defendants actually seek an equitable suspension of the June 8, 2012 Order. They are not entitled to this relief.

For the foregoing reasons, Defendants' Rule 59(e) Motion [Doc. No. 171] is DENIED.

MONROE, LOUISIANA, this 16th day of August, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE