# 16UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **LOUISIANA ENVIRONMENTAL ACTION NETWORK** | **CIVIL ACTION NO. 07-595** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LWC MANAGEMENT CO., INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

Pending before the Court is Defendants' "Motion to Recognize Termination of Consent Decree" ("Motion to Recognize") [Doc. No. 184]. On September 26, 2013, Plaintiff Louisiana Environmental Action Network ("LEAN") filed a Memorandum in Opposition to Defendants' Motion to Recognize Termination of Consent Order ("Opposition") [Doc. No. 189]. Defendants did not file a reply. For the following reasons, Defendants' motion is DENIED.

On March 30, 2007, LEAN filed a citizen suit under the Clean Water Act, 33 U.S.C. § 1365(a), alleging that Defendants LWC Management Co., Inc. ("LWC"); Louisiana Land & Water Co., Inc. ("Louisiana Land & Water"); UDS Management Corp.; Bayou Utilities, Inc.; Utility Data Service Corp.; and Jeffery Pruett,[1] as owners and operators of five wastewater treatment facilities, violated their Louisiana Pollutant Discharge Elimination System ("LPDES") permits. Defendants responded that they should not be penalized for permit violations because they spent more than $2.4 million dollars improving the wastewater treatment facilities.

On August 14, 2008, the parties settled the lawsuit. On December 23, 2008, LEAN filed a Motion to Enter Consent Decree and Incorporated Memorandum, attaching the agreed proposed

---

[1] Mr. Pruett is now deceased.

consent decree of the parties [Doc. No. 124]. The proposed consent decree included Exhibit A listing the facilities to which Section VI of the proposed consent decree would apply. [Doc. No. 124-2, p. 12]. This motion was set for hearing before the Court. However, before the Court ruled on the motion, on February 23, 2009, the parties filed a Joint Motion for Entry of Amended Consent Decree [Doc. No. 126]. On February 25, 2009, the Court signed the amended Consent Decree, incorporating record documents numbers 124 and 126, which included the proposed amendments as well as Exhibit A. No objection was made to the Court's incorporation by reference to the facilities list attached to record document number 124.

During the next three and one-half years, Defendants failed to fully comply with the terms of that settlement, resulting in LEAN's filing of more than one motion for contempt. Part of Defendants' contentions during this time were that they were attempting to negotiate a sale of their assets.

On May 21, 2012, the Court held a hearing on LEAN's second contempt motion. During a status conference with the parties, Defendants urged the Court to delay its decision because they were again in the process of negotiating a sale to a potential buyer, this time to Greater Ouachita Water Company. The Court did delay its decision, but, on June 8, 2012, having received no further indication that the purported sale was imminent, the Court issued a Ruling [Doc. No. 167] and Order [Doc. No. 168]. The Court noted that there had been "years of delays, all of which are attributable to Defendants," found Defendants in contempt, and granted LEAN's motion in part. [Doc. No. 167, p. 14]. The Court granted the motion to the extent that LEAN sought a determination that Defendants violated Section VII of the Consent Decree, sought payment of the balance of funds for the Supplemental Environment Projects ("SEPs") to LEAN, and sought to administer the remaining

SEPs. The motion was denied to the extent that LEAN sought payment of the funds necessary for the repair work under Section VI of the Consent Decree. The Court later granted LEAN's request for attorney's fees and costs. [Doc. No. 183].

Following the Court's Ruling, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 59(e). They did not contest the Court's factual and legal findings, but argued that they had "extreme cash-flow problems" and were unable to pay the amounts ordered by the Court. [Doc. No. 171, p. 1]. They moved the Court for a "[s]uspension of the contempt judgment for 90 days" to enable Defendants "to complete the sale of their assets or it will be apparent that the sale has failed." [Doc. No. 171, p. 2]. However, Defendants conceded that "[t]he existence of the [June 8, 2012 Order] may or may not affect the sale [D]efendants are attempting to arrange with Greater Ouachita Water Company." [Doc. No. 171, p. 1]. LEAN opposed the Rule 59(e) motion. After consideration, on August 16, 2012, the Court denied the motion. [Doc. Nos. 181 & 182].

Now, one year later, Defendants return to the Court with the pending Motion to Recognize. Defendants again contend that they have been attempting to sell their assets to Greater Ouachita Water Company, but that buyers are reluctant "to deal with" LEAN. [Doc. No. 188, p. 1]. Defendants contend that the "elimination or modification of the consent decree is a condition precedent of the sale of assets in Ouachita Parish." *Id.* They argue that the Court should recognize the termination of the Consent Decree because (1) Exhibit A referred to in Paragraph 8 of Section VI of the Consent Decree was not attached and thus is not operative[2] and (2) Defendants have

---

[2]Paragraph 8 address the duties of the independent expert who will undertake tasks, including to "[d]etermine the measures that are necessary to achieve compliance with the Clean Water Act at those wastewater treatment facilities listed in Exhibit A to this agreement." [Doc. No. 128, p. 3].

3

otherwise fulfilled their obligations in Paragraphs 7-17 (found in Sections VI-VIII) of the Consent Decree. Specifically, Defendants note that all work on lateral lines has been completed and that they have made all payments required Paragraphs 16 and 17 of the Consent Decree.

LEAN opposes Defendants' motion. LEAN argues that the Consent Decree should not be terminated or modified because Defendants have failed to begin and complete the Remedial Measures set forth in Section VI. LEAN "does not disagree in concept with the result Defendants seek to achieve, a divestiture of the noncompliant sewer facilities that they have so poorly operated for decades." [Doc. No. 189, p. 4]. However, LEAN does disagree with Defendants' attempt to have the Consent Decree terminated or modified by removing any obligations under Section VI because Exhibit A, listing the facilities, was attached to the February 25, 2009 signed Consent Decree. LEAN argues that Defendants' contention is without merit because the Court incorporated the original proposed consent decree and the amended consent decree by reference and without objection by either party. Since the signing of the Consent Decree, LEAN argues that the Court has not consistently enforced the obligations in Section VI. Finally, to the extent that Defendants contend that LEAN intentionally left off Exhibit A, LEAN points out that all parties joined in the filings of record documents numbers 124 and 126.[3]

The Court agrees with LEAN. First, if the Court had not adopted record document number 124 by reference, the failure to attach Exhibit A to the signed February 26, 2009 Consent Decree would be nothing more than a clerical error easily corrected under the Federal Rules of Civil

---

[3]Although LEAN filed the December 23, 2008, Motion to Enter Consent Decree and Incorporated Memorandum [Doc. No. 124], it attached what was the agreed proposed consent decree of the parties. Between December 23, 2008, and February 23, 2008, when the joint motion was filed, Defendants filed no objection to the motion or any indication that it opposed the facilities list attached as Exhibit A.

Procedure. However, in this case, there was no error. The Court referred to both documents to ensure that all provisions, including Exhibit A, were incorporated. Defendants remain bound to comply with the terms of the Consent Decree and until such time as they can show this Court that they have done so, the Consent Decree remains in effect. While the Court, like LEAN, would have no objection to the sale of Defendants' assets, the Court cannot ignore the provisions of the Consent Decree to facilitate that sale.

Defendants' Motion to Recognize [Doc. No. 184] is DENIED.

MONROE, LOUISIANA, this 16th day of October, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE